*H. C. Strickland, Leon Hood,* and *W. C. Wright,* contra.

---

## MILNER *v.* PITTS & SONS COMPANY *et al.*

FISH, C. J. In an action on account, pending in the superior court of Talbot county, the plaintiff made affidavit and executed bond, in compliance with the statute, to obtain garnishment. Certified copies of the affidavit and bond were delivered to a justice of the peace of Harris county, who issued summons of garnishment, directed to a named citizen of that county, requiring him to make answer thereto at the next term of the superior court of Harris county. The summons was duly served, and return of service duly made on the affidavit and bond, which were delivered to the clerk of Harris superior court and filed in his office. The summons erroneously stated that the main case was pending in the superior court of Harris county. The garnishee, subsequently to the filing of the papers in the clerk's office of Harris superior court and prior to the term at which he was required by the summons to make answer, inquired of such clerk if the case as stated in the summons served upon the garnishee was pending in that court, and the clerk informed him that it was not. The garnishee did nothing further in the matter. Judgment was rendered in the main case in Talbot superior court against the defendant, and in the superior court of Harris county against the garnishee on default by reason of his failure to answer the summons of garnishment. An execution was issued on such judgment, and was levied upon the property of the garnishee. He petitioned for injunction to stop the further progress of the execution, setting up the mistake in the summons of garnishment, his inquiry of the clerk of Harris superior court, the clerk's reply thereto, that he had no knowledge or notice of the suit in Talbot county, and alleging that he was not indebted to the defendant in the main case, and had no property or effects belonging to

him in his hands at the time of the service of the summons or since, and praying that he be allowed to so answer. *Held,* that the court did not err in refusing to grant an interlocutory injunction.

> *Judgment affirmed. All the Justices concur.*
> APRIL 12, 1916.

Petition for injunction. Before Judge Gilbert. Harris superior court. July 9, 1915.

*McLaughlin & Shanks* and *Hatcher & Hatcher,* for plaintiff.

*A. P. Persons,* for defendants.

> *Judgment affirmed. All the Justices concur.*
> APRIL 12, 1916.